152

367 A.2d 1087

David WARNER

v.

Robert JORDAN and Phyllis Jordan, Appellants.

Supreme Court of Pennsylvania.

Argued Nov. 26, 1974.

Decided Jan. 28, 1977.

Thomas M. Garrity, Michael J. O'Donoghue, Wisler, Pearlstine, Talone, Craig & Garrity, Norristown, for appellants.

Edward Fackenthal, Norristown, for appellee.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

Order affirmed. Each party to bear own costs.

EAGEN, J., took no part in the consideration or decision of this case.

ROBERTS, J., filed a dissenting opinion.

## DISSENTING OPINION

ROBERTS, J.

Appellee, David Warner, instituted this action pursuant to Section 12 of the Securities Act of 1933.[1] Appel-

1.  15 U.S.C.A. § 77*l* (1971).

lee claimed that a partially performed contract for the sale of securities between him and appellants, Robert Jordan and his wife Phyllis, was in violation of the Securities Act of 1933 because the securities were not registered. The Court of Common Pleas ordered rescission of the contract, and awarded damages to appellee on the basis of losses sustained when he resold securities purchased pursuant to the contract. The Superior Court affirmed, per curiam.

The record supports the trial court's conclusion that the contract was in violation of the Securities Act. Appellant did not sustain his burden of proving that this was a private sale, exempt from the Securities Act.[2] I conclude, however, that appellee should be estopped from claiming any damages.

Appellee, a close friend of appellant, helped set up the arrangement by which appellant obtained his stock in exchange for his rights to an invention. Appellee also helped promote the device. Appellee was familiar with appellant's plan to sell securities over the counter; the sales were made through a brokerage firm recommended by appellee.

Appellee, a stockbroker with forty years experience, must have known that the stock appellant sold him was being sold in violation of the Securities Act of 1933. While appellant's violation relieves appellee of the burden of any further performance of the contract, I would hold that appellee is estopped from obtaining damages now that the contract has proven unprofitable. See *Straley v. Universal Uranium & Milling Corp.*, 289 F.2d 370 (9th Cir. 1961). On this record, neither party is entitled to the aid of the court. The award of damages against appellant should be reversed.

2. See 15 U.S.C.A. § 77d (1971).